No. 18-3287

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

CRANBURY BRICK YARD, LLC,
*Plaintiff/Appellant,*

v.

UNITED STATES OF AMERICA, et al.,
*Defendants/Appellees.*

Appeal from the United States District Court for the District of New Jersey
No. 3:15-cv-2789 (Hon. Brian R. Martinotti)

**MOTION TO SEAL THE ANSWERING BRIEF
FOR THE FEDERAL APPELLEES
OR
TO SEAL THE ANSWERING BRIEF FOR THE FEDERAL
APPELLES AND TO FILE A REDACTED ANSWERING BRIEF**

Pursuant to Third Circuit Rule 106, the Federal Appellees move to

file their answering brief under seal. Consistent with the Court's order

to seal certain materials in the record for this case, the Federal

Appellees request that the answering brief remain under seal until five

years after the conclusion of the case. In the alternative, the Federal

Appellees move to file their answering brief under seal and to also file a publicly accessible answering brief that redacts discussions of sealed materials. Counsel for Appellant Cranbury Brick Yard, LLC ("CBY"), who was contacted for CBY's position on the motion, did not provide CBY's position but stated that CBY prefers the alternative approach.

During the proceedings before the district court, the magistrate judge granted the parties' joint motion to seal certain exhibits as well as portions of briefs and statements of fact that discussed those exhibits. Dkt. 66 at 3–4. The magistrate judge found that the sealed materials contain "information that constitutes competitively sensitive marketing, financial, sales, and other confidential business information regarding [CBY's] business operations," and contain "confidential settlement communications." *Id.* at 2. On December 21, 2018, this Court granted CBY's unopposed motion to continue seal, and ordered that the documents will be sealed until five years after the conclusion of the case.

Consistent with that order, the Federal Appellees request that the Court seal the answering brief for the Federal Appellees until five years

after the conclusion of the case.  The answering brief contains

significant discussion, including through direct quotations, of materials

subject to this Court's order to continue seal.  Discussion of sealed

materials occurs throughout the answering brief alongside the Federal

Appellees' consideration of non-sealed materials in both the Statement

of the Case, Sealed Answering Br. 7–9, and multiple sections of the

Argument, *id.* at 12, 15, 16, 24, 29, 35, 36, 44, 45, 48–51.  Thus,

examining that material "in a separate sealed supplemental brief,"

Third Cir. R. 106.1(a), would be impractical and would unnecessarily

burden the Court's review of the issues on appeal.

The Federal Appellees move in the alternative to file both a sealed

answering brief and a publicly accessible answering brief that redacts

discussions of sealed materials.  That would be consistent with the

summary judgment briefing before the district court where the parties

filed both sealed briefs and unsealed briefs, the latter "with the

confidential portions redacted."  D.N.J. R. 5.3(c)(4).  This alternative

approach would obviate the need for a "separate sealed supplement

brief" (which would be impractical in this case for the reasons explained

above) by providing public access to portions of the answering brief that do not discuss sealed materials.

For the foregoing reasons, the Federal Appellees request that the Court grant the motion to file the answering briefing under seal or, alternatively, grant the motion to file both a sealed answering brief and a redacted answering brief.

Respectfully submitted,

s/ Avi Kupfer
AVI KUPFER
  *Attorney, Appellate Section*
  *Env't and Nat. Res. Div.*
  *U.S. Department of Justice*
  *P.O. Box 7415*
  *Washington, D.C. 20044*
  *(202) 514-3977*
  *avi.kupfer@usdoj.gov*

## CERTIFICATE OF COMPLIANCE WITH
## FEDERAL RULE OF APPELLATE PROCEDURE 27(D)

I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1) because it has been prepared in 14-point Garamond, a proportionally spaced font.

I further certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 478 words, excluding the parts of the motion exempted under Fed. R. App. P. 27(a)(2)(B), according to the count of Microsoft Word.

s/ Avi Kupfer
AVI KUPFER

# CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2019, the foregoing was served on all counsel of record via this Court's CM/ECF system.

<u>s/ Avi Kupfer</u>
AVI KUPFER